UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA, ex
rel., DEBORAH PARADIES, LONDON
LEWIS, ROBERTA MANLEY,

           Plaintiffs,

VS.                                Case No. 08-C-0384

ASERACARE, INC., GGNSC
ADMINISTRATIVE SERVICES
d/b/a GOLDEN LIVING,

           Defendants.

---

## DECLARATION OF JAMES F. BARGER, JR.

1.    On January 16 and 17, 2012 undersigned counsel spoke and corresponded by email with Defendants' counsel Jack Selden in a good faith attempt to resolve this issue. Defendants refused to grant additional time to respond to the Summary Judgment Motion (SJM) but have offered to expedite the depositions of their experts. *See* **Exhibit 1**, a true and correct copy of email correspondence. Relators have tendered their experts for deposition, and they are scheduled to be deposed on January 20, 2012 and February 14, 2012. *See* **Exhibit 2**, a true and correct copy of correspondence from Defendants' counsel with a chart of the pending depositions.

2.    Prior to the filing of Defendants' SJM, Relators were afforded no

opportunity to depose any of Defendants' representatives, employees, experts, or other witnesses and still have had no opportunity to do so.

3. Defendants' SJM is based upon the testimony of five witnesses, only one of whom – Angela Hollis-Sells – had been identified by Defendants prior to the SJM. Ms. Hollis-Sells is set to be deposed on January 30 in Dallas. Ex. 2. Defendants have provided no dates for the other witnesses identified in their SJM– one of whom, Rebecca Smith, is a corporate officer not previously designated under Rule 30(b)(6) and identified for the first time in the SJM.

4. The other three witnesses offered in support of Defendants' SJM are experts disclosed for the first time in the SJM. While Defendants had not previously identified experts, Relators nevertheless requested over the past several months that Defendants schedule expert depositions as soon as possible but Defendants have thus far not done so. In order to present facts essential to justify its opposition to the Motion for Summary Judgment, Relators must at a minimum depose the five witnesses whose testimony Defendants have offered in support of the Motion for Summary Judgment.

5. On January 17, four days after filing their Motion for Summary Judgment, Defendants hand-delivered Rule 26(a)(2) disclosures which included the witnesses first identified in the SJM and an additional expert, Dr. James Cleary, whose testimony was excluded from the SJM. Additionally that Rule 26(a)(2)

disclosure indentified for the first time 73 additional purported expert witnesses whom Defendants expect to call to testify and whom Defendants referenced in support of their Motion for Summary Judgment. *See* **Exhibit 3**, a true and correct copy of Defendants' 26(a)(2) disclosures. An initial review of Dr. Cleary's expert report differs somewhat from the testimony of the experts identified in the SJM, raising issues with regard to the recertification of at least two patients. In order to present facts essential to justify its opposition to the Motion for Summary Judgment, Relators must be permitted to depose Dr. Cleary and the other experts identified in Defendants' Rule 26(a)(2) disclosures.

6. Currently, three of the four witnesses designated as corporate representatives – two of whom have also been designated as experts – have been scheduled for deposition on January 30, January 31, and February 23, 2012. Defendants' final 30(b)(6) representative – who has also been designated as an expert– is not scheduled for deposition though Relators have requested and are awaiting a mutually agreeable date and location. In order to present facts essential to justify its opposition to the Motion for Summary Judgment, Relators must be permitted to depose these four witnesses: Dr. James Avery, Angela Hollis-Sells, Cindy Susienka, and Hal Price.

7. Relators have also noticed the deposition of CEO Neil Kurtz which is currently scheduled for February 14, 2012, pursuant to an agreement of the parties

3

subject to a pending Motion for Protective Order filed by Defendants.

8. Attached hereto as **Exhibit 4** are true and correct copies of audit reports by The Corridor Group, Inc. of Defendants' hospice eligibility procedures. These copies do not include the supplementation produced by Defendants on December 30, 2011. Relators have not yet fully analyzed those materials, which comprise over 1,000 pages.

9. I verify under penalty of perjury that the foregoing is true and correct. Executed this 18th day of January, 2012.

/s James F. Barger, Jr.
JAMES F. BARGER, JR.
FROHSIN & BARGER, LLC
One Highland Place
2151 Highland Avenue, Suite 310
Birmingham, Alabama 35205
Tel: (205) 933-4006
Fax: (205) 933-4008
jim@frohsinbarger.com

**One of the Attorneys for Plaintiff-Relators**