UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

and

DEBORA PARADIES, LONDON
LEWIS, ROBERTA MANLEY,

                Relators,

v.

ASERACARE, INC., and GGNSC
ADMINISTRATIVE SERVICES,
d/b/a Golden Living,
f/k/a Beverly Enterprises, Inc.

                Defendants.

Case No. 08-CV-384-JPS

ORDER

---

       On December 16, 2011, relators Debora Paradies, London Lewis, and Roberta Manley filed a Rule 7(h) expedited Motion to Transfer Venue (Docket #62), requesting the court transfer this action to the Northern District of Alabama. By letter of January 4, 2012 (Docket #72), counsel for defendants AseraCare, Inc. and GGNSC Administrative Services (collectively, "AseraCare") requested leave to file an oversized Rule 7(h) brief. The court grants that leave and will consider the complete brief submitted. In turn, the relators filed a Motion to Strike or For Leave to Reply (Docket #98) asking that the oversize brief be struck or that it be granted leave to file a reply. That motion is granted so far as allowing a reply, and denied as to striking AseraCare's brief. The court will consider the contemporaneously filed reply brief. As to the substance of the motion to transfer, because this action could

otherwise have been brought in that district, and because convenience and the interests of justice support doing so, the court will grant the motion and transfer this action.

Underlying this dispute is the existence of two similar False Claims Act ("FCA") actions, one in the Northern District of Georgia, and one in the Northern District of Alabama, both of which have been unsealed at this juncture. The FCA operates by allowing a private person to bring an action against another who commits a fraud against the United States. 31 U.S.C. §§ 3729, 3730(b)(1). When a private person brings such a suit, that person (the "relator") brings the action in the name of the government. 31 U.S.C. § 3730(b)(1). After such filing, the government has an opportunity to intervene in the action and proceed. 31 U.S.C. § 3730(b)(2). The instant case was filed by the relators against AseraCare for alleged Medicare fraud. The Georgia and Alabama actions were also brought against AseraCare, by different relators, for at least similar Medicare fraud claims. The United States has intervened in the Alabama action and filed its complaint against AseraCare.

A district court may transfer a civil action to another district, where it otherwise could have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The authority to transfer is placed within the discretion of the district court, though it is to be exercised in light of "individualized, case-by-case consideration[s] of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Considerations of convenience often include witness availability and access, access to and distance from resources, and location of events and access to proof. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626

F.3d 973, 978 (7th Cir. 2010). The interests of justice are often reflected by considerations of efficient judicial administration: docket congestion, likely speed to trial, relative familiarity of each court with the relevant law, desirability of resolution in each locale, and relationship of each community to the controversy. *Id.*

The relators and government argue for transfer under the § 1404(a) standard. AseraCare makes two general arguments against a transfer. First, that such a transfer would be futile and, second, that a transfer would not satisfy the § 1404(a) standard. These two arguments ultimately blend into each other. There is case law indicating that a transfer ought to be denied where it would be futile. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219, 221 (7th Cir. 1986). Essentially, futility bears on the interests of justice factor, and logically so. *Id.* at 221. More specifically, AseraCare argues that a transfer would be futile due to the "first-to-file" bar on later suits under the FCA, which states that "[w]hen a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). This related factual basis means "only the materially similar situations that objectively reasonable readings of the original complaint, or investigations launched in direct consequence of that complaint, would have revealed." *United States ex rel. Chovanec v. Apria Healthcare Grp. Inc.*, 606 F.3d 361, 365 (7th Cir. 2010).

The court finds that a transfer would not be futile. AseraCare argues that a transfer would be futile because the first-to-file bar will lead to dismissal of both the Georgia and Alabama actions. However, even if that were true, it would not make a transfer futile. Given that, in AseraCare's

view, the instant action is the only one which should proceed, there is nothing inherent about a transfer to the Northern District of Alabama that would prevent adjudication of this suit. As such, there is no futility that might otherwise obviate the need to closely examine the other factors under § 1404(a).

On the other hand, the first-to-file rule still bears on the arguments made as to convenience and the interests of justice, as the dismissal of both the Georgia and Alabama suits would significantly alter some of the arguments in favor of transfer. Thus, the court will further examine the application of the first-to-file rule before proceeding to the transfer analysis. To begin, as the relators point out, the FCA prevents later-filed cases by *private parties* through the provision that "no person *other than the Government* may intervene or bring a related action." 31 U.S.C. § 3730(b)(5) (emphasis added). Thus, the plain text of the FCA permits the United States to bring a related action, though it might be filed after the first-to-file relators. That, however, raises a question as to how to classify the case in the Northern District of Alabama (the United States has not intervened in the Georgia action). As originally filed, the Alabama action was certainly a later-filed action by private persons when compared to this case. Assuming *arguendo* that the Alabama action is materially similar such that it would have been barred, it was nonetheless not dismissed before the United States' intervention. So did the government's intervention suddenly change the classification of that case, or would it still be subject to dismissal under the first-to-file bar?

The U.S. Supreme Court appears to have provided the answer in an FCA case where it wrote that "an action originally brought by a private

Page 4 of 10

Case 2:08-cv-00384-JPS   Filed 01/23/12   Page 4 of 10   Document 99

person, which the Attorney General has joined, becomes an action brought by the Attorney General once the private person has been determined to lack the jurisdictional prerequisites for suit." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 478 (2007). In that case, a relator brought suit under the FCA related to a contract to manage a nuclear weapons plant that his former employer held with the U.S. Department of Energy. *Id.* at 460-64. The United States ultimately intervened in the suit and, after trial, a jury found in favor of the government on a portion of the asserted claims. *Id.* at 464-66. The defendant former employer filed a post-verdict motion to dismiss the relators' claims under § 3730(e)(4). *Id.* at 466. That subsection limits those who can bring suit after public disclosure of information substantially similar to the allegations asserted in the post-disclosure FCA claim. 31 U.S.C. § 3730(e)(4). The provision allows suit at that point only by the Attorney General or a relator who is an "original source." 31 U.S.C. § 3730(e)(4)(A). The Tenth Circuit ultimately held the relator was an original source, and the Supreme Court granted certiorari. 549 U.S. at 466. The Court concluded the relator was not in fact an original source. *Id.* at 475-76. The relator then argued alternatively that the government's intervention provided an independent basis of jurisdiction over his claims. *Id.* at 476-77. The Court disagreed, holding that the statute drew a sharp distinction between suits brought by the Attorney General under § 3730(a) and those by a private person under § 3730(b), thus, an action brought by a private person "does not become one brought by the Government just because the Government intervenes and elects to 'proceed with the action.'" *Id.* at 477. This raised the question, important here, of whether the district court had jurisdiction over the Government's claims, given that § 3730(e)(4)(A) barred jurisdiction unless

Page 5 of 10

Case 2:08-cv-00384-JPS   Filed 01/23/12   Page 5 of 10   Document 99

the suit was brought by the Attorney General or an original source, and the Court had just found neither to be the case. Noting that it would be a "bizarre" result to set the government's judgment aside, the Court held, as quoted above, that where a private person is determined to lack the jurisdictional prerequisites for suit and is dropped out, the action is then transformed into one brought by the Attorney General. *Id.* at 478.

After reading *Rockwell*, the court is convinced that, should the Alabama relators be barred from proceeding on the basis of the first-to-file rule, the United States' complaint would survive. While *Rockwell* analyzed the question within the confines of the bar on suits after public disclosure, the basic question remained the same: when a relator's claims are dismissed as barred, and the government has intervened, is the action considered to have been brought by the government? The Court answered that question affirmatively, and thus the same conclusion applies here. The text of § 3730(b)(5) supports this conclusion given that at no time is the government barred from bringing a related suit *after* the first-filed suit by a relator.[1] Thus, even if the Alabama relators are ultimately dismissed from the action, the government's complaint would survive. Accordingly, as will be discussed below, AseraCare's arguments regarding convenience and the interests of justice are weakened as the Alabama action, at least, will remain in existence.

Moving on to the transfer analysis itself, this action could otherwise have been brought in the Northern District of Alabama. Filed under the

---

[1]As such, this would not create an anomaly when compared to a situation in which the Alabama court had dismissed the action prior to intervention. As noted, under § 3730(b) the government would have remained allowed to file suit in the Northern District of Alabama despite the relators' first-filed action here in Wisconsin.

FCA, the relators could have brought this action in any judicial district in which a defendant, *inter alia*, transacts business. 31 U.S.C. § 3732(a). The defendants operate their business nation-wide, including in the Northern District of Alabama, thus venue would have been otherwise proper there.

Next, convenience supports such a transfer. The defendants are headquartered in Texas and operate primarily in the Southeast. While some potential witnesses reside in Wisconsin (four by relators' count), a number of others are more closely situated to Alabama (at least seven by relators' count, with others being relatively equidistant to Alabama and Wisconsin).[2] AseraCare argues that two of the three relators are also located in Wisconsin, but the relators state a willingness to travel. Thus, the location of witnesses leans in favor of transfer. The physical evidence in this case will primarily consist of electronic records, for which no preference inheres for one forum over another. Moreover, some counsel for both the defendants and relators are located in Birmingham, Alabama. AseraCare disputes the relevance of this, indicating that lead counsel for it has always been Whyte Hirschboeck Dudek S.C. of Wisconsin. It is accurate that attorneys are employed in both locations and, in any event, attorneys are often no strangers to travel. Thus, the location of counsel does not weigh heavily on the court's decision. More importantly, there are the two other FCA cases involving the defendants that are pending in or about that region; in fact, the Georgia relators have already moved to transfer that case to the Northern District of Alabama. What's

---

[2]AseraCare points to the fact that there are more witnesses in Wisconsin than any other state, but that ignores the relative distance of the other witnesses to Wisconsin versus Alabama. That would be similar to arguing that the existence of two witnesses in Hawaii make Hawaii more convenient because there is only one witness in each of ten states along the eastern seaboard.

more, as the court determined previously, the Alabama action, at least, ought to survive so far as the government is concerned. Thus, the defendants will already be litigating a relatively similar set of core facts in the Northern District of Alabama, requiring witnesses, proof, and other resources be brought into that forum regardless of whether the instant action proceeds in Wisconsin or Alabama. In light of these considerations, convenience points toward transfer, and certainly not against transfer.

As to the interests of justice, the simple fact that a similar action, and potentially two, will be adjudicated in the Northern District of Alabama counsels heavily in favor of a transfer. Not only will it likely be more efficient to proceed before one district, but relators are correct in their statement that duplicative discovery and overlapping issues support such a transfer. Further, discovery is only in the early stages in the instant action, thus there would be little prejudice to the current progress of this case. Additionally, because the United States has chosen to intervene in the Northern District of Alabama, whereas it has not chosen to do so in this district, the interests of the United States will be furthered by a transfer. The government in the instant case supports the transfer, appealing to many of the same reasons presented by the relators. Though the government has not intervened in this action, it did not explicitly state that it had decided against intervention, rather asserting that it simply had not made the decision and thus placing the case within the relators' control. (Docket #33, #34). Among the government's reasons for supporting a transfer include its wish to consolidate all three cases subsequent to transfer. A plaintiff's choice of forum is typically entitled to deference and, though the relators filed the instant action in Wisconsin, the real party in interest in a *qui tam* action is the

government. *United States ex rel Westrick v. Second Chance Body Armor, Inc.*, 771 F. Supp. 2d 42, 47 (D.D.C. 2011). As the government has chosen to intervene in the Alabama action, and supports the transfer of both this action and the Georgia action, the government's support of the motion carries a good deal of weight as well, given the common claims raised among all three actions. As such, the interests of justice heavily support a transfer.

AseraCare's only argument that carries weight concerning the interests of justice is that it might be prejudiced because it has "been waiting almost four years" for resolution of the case. That would seem to overstate the case slightly as the earliest, in this action, that AseraCare might have become apprised of the suit was August 24, 2009, when the government served a subpoena on it for records. (Docket #18 at 3). More realistically, the complaint was only unsealed for the purpose of providing a copy to AseraCare on November 23, 2010, when the court so ordered. (Docket #25). In any event, the court finds no particular prejudice, at least none sufficient to outweigh the important interests in avoiding duplicative discovery and the government's interest in choice of forum. This is bolstered by the fact that under § 3730(b) the government could have independently brought suit in Alabama. In sum, both convenience and the interests of justice support a transfer, and the court finds it the wiser exercise of discretion to grant the motion and transfer this action.

Accordingly,

IT IS ORDERED that the relators' Motion to Strike or For Leave to Reply (Docket #98) be and the same is hereby GRANTED in part and DENIED in part;

IT IS FURTHER ORDERED that the relators' Motion to Transfer Venue (Docket #62) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that this action shall be TRANSFERRED to the Northern District of Alabama for further proceedings pursuant to 28 U.S.C. § 1404(a).

The Clerk of Court is directed to take all appropriate steps to effectuate this transfer.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge